# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER,<br><br>*Defendants.* | Civil No. 2:26-CV-00056 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MODEKHAI HARROCH,<br><br>*Defendants.* | Civil No. 2:26-CV-00053 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>*Defendant.* | Civil No. 2:26-CV-00055 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>*Defendant.* | Civil No. 2:26-CV-00058 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>*Defendants.* | Civil No. 4:26-CV-00380 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>*Defendant.* | Civil No. 2:26-CV-00033 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>*Defendants.* | Civil No. 4:26-CV-00377 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>*Defendants.* | Civil No. 4:26-CV-00369 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>*Defendants.* | Civil No. 4:26-CV-00379 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>*Defendants.* | Civil No. 2:26-CV-00030 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>*Defendant.* | Civil No. 4:26-CV-00425 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>OPTICS PLANT, INC., d/b/a ECENTRIA,<br><br>*Defendant.* | Civil No. 4:26-CV-00521 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>*Defendant.* | Civil No. 4:26-CV-00367 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are three Motions filed by various member groups in Case No. 4:26-md-03176[1]. First, six defendant groups brought substantively identical or nearly identical motions, as represented by Defendants MaRs Triger, LLC and Peter Brennen's Opposed Motion and Joinder in Certain Defendants' Motion to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a

[1] Defendants Mister Guns, LLC, Thomas Carter II, Brandi Carter, PistolCap Limited Company d/b/a Frisco Guns, Mordekhai Harroch, ProSource Firearms, LLC, and Superior Firearms of Texas, LLC are referred to herein as the "Atrius Customer Defendants." The Atrius Customer Defendants, collectively with the remaining Defendants to Plaintiffs' Consolidated Preliminary Injunction (Case No. 4:26-md-03176, Dkt. #7), are herein referred to as the "Defendants."

Status Conference (No. 2:26-cv-30, Dkt. #37) (the "Motion to Enlarge Deadlines")[2]. Second, thirteen defendant groups jointly brought Defendants' Motion to Stay Preliminary Injunction Pending Resolution of Federal Circuit Appeals (No. 2:26-cv-30, Dkt #38) (the "Motion to Stay Pending Appeals")[3]. Finally, thirteen defendant groups brought substantively identical or nearly identical motions, as represented by Defendants' Motion to Hold Plaintiffs' Consolidated Motion for Preliminary Injunction in Abeyance Because It Seeks Relief on Patents Not Asserted in the Operative Complaints (No. 2:26-cv-30, Dkt. #39) (the "Motion to Hold in Abeyance")[4].

Having considered the Motions, responses, and relevant pleadings, the Court finds that each motion should be **DENIED.**

## I. Requested Relief

Each of the Motions request the same relief. First, Defendants seek an emergency stay of the deadlines for responding to Plaintiffs' Consolidated Preliminary Injunction (Case No. 4:26-md-03176, Dkt. #7), Plaintiff's motion for expedited discovery (Case No. 4:26-md-03176, Dkt. #11), Plaintiffs' motion to seal (Case No. 4:26-md-03176, Dkt. #5), and Plaintiffs' Motion for Excess

[2] Certain Defendants' Motion to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a Status Conference was filed in five cases (Case No. 2:26-cv-56, Dkt. #43; Case No. 4:26-cv-521, Dkt. #59; Case No. 2:26-cv-53, Dkt. # 40; Case No. 2:26-cv-55, Dkt. #40; Case No. 2:26-cv-58, Dkt. #42). Defendants MaRs Triger, LLC and Peter Brennen's filed a Motion for Joinder in Certain Defendants' Motion to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a Status Conference which incorporates the same substantive arguments (No. 2:26-cv-30, Dkt. #37)

[3] Defendants' Motion to Stay Preliminary Injunction Pending Resolution of Federal Circuit Appeals was filed in six cases on June 4, 2026 (Case No. 2:26-cv-56, Dkt. #44; Case No. 2:26-cv-42, Dkt. #41; Case No. 2:26-cv-55-Dkt. #41; Case No. 2:26-cv-58, Dkt. #43; Case No. 2:26-cv-30, Dkt. #38; Case No. 4:26-cv-521, Dkt. #60). On September 14, 2026, the Court granted the remaining Defendants' Motion for Joinder (Case No. 4:25-cv-380, Dkt. #77).

[4] Defendants' Motion to Hold Plaintiffs' Consolidated Motion for Preliminary Injunction in Abeyance Because It Seeks Relief on Patents Not Asserted in the Operative Complaints was filed in six cases on June 4, 2026 (Case No. 2:26-cv-00056, Dkt. # 45; Case No. 2:26-cv-00053, Dkt. # 42; Case No. 2:26-cv-00055, Dkt. # 42; Case No. 2:26-cv-00058, Dkt. # 44; Case No. 2:26-cv-00030, Dkt. # 39; Case No. 4:26-cv-00521, Dkt. # 61). On September 14, 2026, the Court granted the remaining Defendants' Motion for Joinder (Case No. 4:25-cv-380, Dkt. #78).

Pages (Case No. 4:26-md-03176, Dkt. #12). Second, Defendants seek a twenty-one-day period for the parties to confer on threshold procedural issues arising from Plaintiffs' filings. Third, Defendants request a status conference with the Court to address threshold procedural issues and to hear argument on Defendants' other separately filed related motions, specifically the Motion to Hold in Abeyance and the Motion to Stay Pending Appeal (Case No. 2:26-cv-30, Dkt. # 37). The Court will consider each Motion individually below.

## II. The Motion to Enlarge Deadlines

On June 3, 2026, the Atrius Customer Defendants filed the Motion to Enlarge Deadlines. On June 27, 2026, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. ("Plaintiffs") filed an opposition (Case No. 2:26-cv-30, Dkt. #45).

On September 18, 2026, the Court entered an Order granting expedited discovery related to Plaintiffs' Consolidated Preliminary Injunction and coordinated a briefing scheduling for the preliminary injunction(Case No. 4:26-cv-448, Dkt. #109). Thus, the Court finds that the relief requested relating to the briefing or discovery deadlines in connection with Plaintiffs' Consolidated Preliminary Injunction should be **DENIED as moot**.

The Court further finds that a twenty-one-day period for the parties to confer on threshold procedural issues is no longer necessary and should be **DENIED as moot**. To the extent the parties would like to address any procedural issues with the Court, the parties shall meet and confer prior to the upcoming Case Management Conference scheduled on October 15, 2026, at 9:00 am. If the parties are unable to resolve the issues through the meet-and-confer process, the parties shall raise the issues at the Case Management Conference.

## III. The Motion to Stay Pending Appeals

On June 4, 2026, Defendants jointly brought the Motion to Stay Pending Appeals seeking the relief identified above, *see supra* Part I, in addition to requesting the Court stay Plaintiffs' preliminary injunction motion pending resolution of the Federal Circuit's appeals related to the *Partisan*[5] and *Hoffman*[6] cases (Case No. 2:26-cv-30, Dkt. #38). On June 18, 2026, Plaintiffs filed an opposition to the Motion to Stay Pending Appeals (Case No. 2:26-cv-30, Dkt. #46). On June 29, 2026, Defendants filed a reply (Case No. 2:26-cv-30, Dkt. #56); on July 6, 2026, Plaintiffs filed a sur-reply (Case No. 2:26-cv-30, Dkt. #61).

In the *Partisan* case, the District Court denied Plaintiffs' request for injunctive relief (Case No. 2:26-cv-30, Dkt. #38 at p. 9). On September 15, 2026, the Federal Circuit affirmed the decision of the district court denying relief in the *Partisan* case (*ABC IP LLC v. Peak Tactical LLC*, No. 26-1527, Dkt. #54 (Fed. Cir. 2026)). Thus, the Court will deny the Defendants' request as to the *Partisan* case as moot.

As to *Hoffman,* Defendants argue that the Federal Circuit's ruling will directly bear on the preliminary injunction analysis here because the overlapping issues concern the same patentee asserting the same types of harm in the same competitive landscape (Case No. 2:26-cv-30, Dkt. #38 at p. 13). Plaintiffs argue that a stay would not simplify the issues because the appeals turn on the record before the district court, and would not prove the merits of Plaintiffs' infringement, validity, or irreparable harm arguments (Case No. 2:26-cv-30, Dkt. #46 at p. 18). The Court agrees

[5] The "Partisan case" in this Order refers to *ABC IP LLC v. Peak Tactical LLC*, No. 26-1527 (Fed. Cir.) and *ABC IP, LLC et.al v. peak Tactical, LLC*, No. 2:26-cv-0018-KHR (D. Wyo.).

[6] The "Hoffman case" in this Order refers to *Timothy Hoffman v. ABC IP, LLC*, No. 26-1775 (Fed. Cir.) and *ABC IP, LLC v. Timothy Hoffman*, No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.).

with Plaintiffs that the Federal Circuit's opinion in the pending *Hoffman* case will not have a substantial impact on the issues before the Court. *See Navis v. PHH Mortgage Services*, 2026 WL 1701005, at *7 (E.D. Tex. June 10, 2026) ("Showing a substantial likelihood of success on a claim against one party does not support an injunction against a different party"). Plaintiffs' Preliminary Injunction seeks injunctive relief against different parties and on a different evidentiary record (Case No. 4:26-md-03176, Dkt. #7). Thus, the Court will deny Defendants' request to stay the proceedings related to Plaintiffs' Consolidated Preliminary Injunction pending resolution of the appeal of the *Hoffman* case at the Federal Circuit.

**IV. The Motion to Hold in Abeyance**

On June 4, 2026, Defendants concurrently filed the Motion to Hold in Abeyance seeking the relief identified above, *see supra* Part I, in addition to asking the Court to hold Plaintiffs' Consolidated Motion for Preliminary Injunction in abeyance in its entirety until the Court has decided all pending motions for leave to file amended complaints in the thirteen underlying actions (Case No. 2:26-cv-30; Dkt. #39 at p. 8). On June 18, 2026, Plaintiffs filed an opposition to the Motion to Hold in Abeyance (Case No. 2:26-cv-30; Dkt. #39 at p. 8).

On September 22, 2026, the Court granted the pending motions for leave to file amended complaints in the thirteen underlying actions to assert infringement of U.S. Patent No. 12,626,403 (Case No. 2:26-cv-30; Dkt. #68). Thus, the Court finds that Defendants' request to hold Plaintiffs' Consolidated Motion for Preliminary Injunction in abeyance should be denied as moot.

It is therefore **ORDERED** that Certain Defendants' Motion to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a Status Conference (No. 2:26-cv-30, Dkt. #37; Case No. 2:26-cv-56, Dkt. #43;

Case No. 4:26-cv-521, Dkt. #59; Case No. 2:26-cv-53, Dkt. # 40; Case No. 2:26-cv-55, Dkt. #40; Case No. 2:26-cv-58, Dkt. #42) is **DENIED as moot.**

It is further **ORDERED** that Defendants' Motion to Stay Preliminary Injunction Pending Resolution of Federal Circuit Appeals (Case No. 2:26-cv-56, Dkt. #44; Case No. 2:26-cv-53, Dkt. #41; Case No. 2:26-cv-55-Dkt. #41; Case No. 2:26-cv-58, Dkt. #43; Case No. 2:26-cv-30, Dkt. #38; Case No. 4:26-cv-521, Dkt. #60) is **DENIED as moot** as to the *Partisan* case and **DENIED** as to the *Hoffman* case.

It is further **ORDERED** that Defendants' Motion to Hold Plaintiffs' Consolidated Motion for Preliminary Injunction in Abeyance Because It Seeks Relief on Patents Not Asserted in the Operative Complaints (Case No. 2:26-cv-00056, Dkt. # 45; Case No. 2:26-cv-00053, Dkt. # 42; Case No. 2:26-cv-00055, Dkt. # 42; Case No. 2:26-cv-00058, Dkt. # 44; Case No. 2:26-cv-00030, Dkt. # 39; Case No. 4:26-cv-00521, Dkt. # 61) is **DENIED as moot.**

It is further **ORDERED** that to the extent the parties would like to address any further procedural issues with the Court, the parties shall meet and confer prior to the upcoming Case Management Conference scheduled for October 15, 2026, at 9:00 am. If the parties are unable to resolve the issues through the meet-and-confer process, the parties shall raise the issues at the Case Management Conference.

**IT IS SO ORDERED.**

**SIGNED this 7th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE